IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | NO. 05-530-1 |
| STANLEY SKEETERS | : | |

MEMORANDUM

Bartle, J.                                               September 18, 2020

     The court has before it the motion of defendant Stanley Skeeters, acting pro se, for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

I

     On March 27, 2006, a jury found defendant guilty of: one count of conspiracy to interfere with interstate commerce by robbery in violation of 18 U.S.C. § 1951(a); four counts of interference with interstate commerce by robbery and aiding and abetting in violation of 18 U.S.C. §§ 1951-1952; and four counts of possession of a firearm in furtherance of a violent offense and aiding and abetting in violation of 18 U.S.C. § 924(c).

     On August 23, 2006, this court sentenced defendant to 985 months imprisonment to be followed by 5 years of supervised release. Defendant's term consists of a mandatory term of 7 years on the first § 924(c) charge and mandatory consecutive

terms of 25 years on each of the other three § 924(c) charges. Since defendant violated his parole for state crimes when he committed the federal offenses, he remained in state custody to complete his state sentence and did not begin his federal sentence until June 2012. Defendant is currently serving his sentence at the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg") with an anticipated release date from federal custody of May 23, 2082.

II

Defendant's motion for compassionate release relies on § 3582(c)(1)(A) as recently amended by the First Step Act. It provides, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>     (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

> (i)  extraordinary and compelling
> reasons warrant such a reduction
>
> . . .
>
> and that such reduction is consistent
> with applicable policy statements issued
> by the Sentencing Commission.

Defendant has exhausted his administrative remedies. We turn first to the elements that a defendant must meet under § 3582(c)(1)(A)(i) to obtain a reduction in sentence.  It provides that a court may order compassionate release for "extraordinary and compelling reasons" but only if the reduction in sentence is "consistent with applicable policy statements of the Sentencing Commission."

Congress has also enacted 28 U.S.C. § 994(t) which provides:

> The Commission, in promulgating general
> policy statements regarding the sentencing
> modification provisions in section
> 3582(c)(1)(A) of title 18, shall describe
> what should be considered extraordinary and
> compelling reasons for sentence reduction,
> including the criteria to be applied and a
> list of specific examples. Rehabilitation of
> the defendant alone shall not be considered
> an extraordinary and compelling reason.

The application note 1(A) of section 1B1.13 of the Sentencing Guidelines explains that "extraordinary and compelling reasons" exist where the defendant is:  (1) "suffering from a terminal illness" including among others "advanced dementia";

3

(2) "suffering from a serious physical or medical condition"; (3) "suffering from a serious functional or cognitive impairment"; or (4) "experiencing deteriorating physical or mental health because of the aging process." The latter three grounds also require that the impairment "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

III

Defendant asserts that compassionate release should be granted because of: (1) the draconian practice of § 924(c) "stacking" of sentences which was modified by § 403 of the First Step Act; (2) the COVID-19 pandemic and his risk of infection due to positive tests at USP Lewisburg and inadequate testing procedures; (3) his exceptional rehabilitation and lack of a single disciplinary incident in the last seven years; (4) the enactment of § 403 of the First Step Act; and (5) his valid home plan, job opportunity, and support from family.

The Government opposes defendant's motion. It maintains that defendant has not stated appropriate reasons for compassionate release. The Government argues that § 403 of the First Step Act, which modified § 924(c) as to when a 25-year sentence is to be imposed, does not apply to defendant because Congress explicitly stated that § 403 applies only to offenses

4

committed before the date of enactment when the sentence had not yet been imposed.  See First Step Act of 2018, § 403, Pub. L. No. 115-391, 132 Stat. 5194; see also United States v. Hodge, 948 F.3d 160, 163 (3d Cir. 2020).  Since Congress enacted § 403 on December 21, 2018, and this court sentenced defendant in 2006, the Government is correct that § 403 does not apply here.

The Government asserts that the pandemic alone does not constitute sufficient grounds for compassionate release, and defendant's most recent physical from October 10, 2019 indicates that he has no medical complaints.  In addition, defendant does not have any underlying health conditions that are listed as a risk factor for more serious cases of COVID-19.  He is prediabetic, but prediabetes, as opposed to diabetes, is not listed as a risk factor for serious cases of COVID-19.  See United States v. Hooks, No. 13-527, 2020 WL 4756341, at *6 (E.D. Pa. Aug. 17, 2020).  The Government also argues that USP Lewisburg currently has no reported positive cases for inmates and that the 85 inmates who previously tested positive were isolated and have recovered.

The court is, of course, mindful of the devastating worldwide pandemic and the special dangers the highly contagious coronavirus poses for the defendant and all others in prison.  However, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone

5

cannot independently justify compassionate release." <u>United States v. Raia</u>, 954 F.3d 594, 597 (3d Cir. 2020). The Bureau of Prisons, including USP Lewisburg, has in place protocols to deal with this disease, and the Attorney General has issued two directives to the Bureau of Prisons concerning early release of inmates, which it is following.

Based on the current record, defendant has not established that he has any health condition that constitutes a serious medical impairment as defined in the Sentencing Guidelines. The serious medical condition under the Sentencing Guidelines must be an impairment which "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Defendant clearly does not meet this requirement.

Even if defendant has the requisite serious medical condition, the court's analysis does not end there. Section 3582(c)(1)(A) requires the court to consider the "factors set forth in § 3553(a) to the extent they are applicable" before the court may reduce his sentence. These factors include the need to: "reflect the nature and circumstances of the offense and the history and characteristics of the defendant;" "reflect the seriousness of the offense;" "promote respect of the law;" and "afford adequate deterrence to criminal conduct."

In this regard, defendant claims that he should be granted compassionate release because he "has taken the opportunity to put his life in order" during his incarceration, including achieving his general education degree (GED), completing various coursework, and going without a disciplinary incident for over five years.

The court accepts defendant's representation that while incarcerated he has made efforts to "put his life in order."  While the court applauds defendant for any strides he has made toward rehabilitation, these factors alone do not allow for his release.  Under 28 U.S.C. § 994(t), Congress has made it clear: "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for compassionate release.  In any event, his rehabilitation does not outweigh other § 3553(a) factors which support the need for him to serve the sentence imposed.

This court cannot ignore the seriousness of defendant's criminal history.  Defendant had been found guilty of crimes involving armed robberies under state law.  His subsequent robberies involved in this action occurred shortly after his release from state custody and thus violated his state parole.  His crimes were serious and merit serious sentences.  Releasing defendant now, only eight years into his federal sentence, would not appropriately reflect the nature and

7

circumstances of his offenses, the need to protect the public from further crimes of the defendant, and the need to afford adequate deterrence to criminal conduct.

     The court finds that defendant has not established extraordinary and compelling reasons that warrant his entitlement to compassionate release.  Accordingly, the court will deny his petition under 18 U.S.C. § 3582(c)(1)(A).