```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :       CRIMINAL ACTION
                                :
          v.                    :
                                :       NO. 05-530
STANLEY SKEETERS                :
```

MEMORANDUM

Bartle, J.                                       November 1, 2022

The court has before it the motion of defendant Stanley Skeeters, acting pro se, "for a modification of sentence pursuant to 18 U.S.C. § 3582(c)(1) and First Step Act of 2018."

I

The court set forth the background of defendant's underlying criminal case in its September 18, 2020 Memorandum denying a prior motion for compassionate release:

> On March 27, 2006, a jury found defendant guilty of: one count of conspiracy to interfere with interstate commerce by robbery in violation of 18 U.S.C. § 1951(a); four counts of interference with interstate commerce by robbery and aiding and abetting in violation of 18 U.S.C. §§ 1951-1952; and four counts of possession of a firearm in furtherance of a violent offense and aiding and abetting in violation of 18 U.S.C. § 924(c).
>
> On August 23, 2006, this court sentenced defendant to 985 months imprisonment to be followed by 5 years of supervised release. Defendant's term consists of a mandatory term of 7 years on the first § 924(c) charge and mandatory consecutive terms of 25 years on each of the other three § 924(c) charges. Since

> defendant violated his parole for state crimes when he committed the federal offenses, he remained in state custody to complete his state sentence and did not begin his federal sentence until June 2012. Defendant is currently serving his sentence at the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg") with an anticipated release date from federal custody of May 23, 2082.

United States v. Skeeters, No. CR 05-530-1, 2020 WL 5602652, at *1 (E.D. Pa. Sept. 18, 2020).

Defendant is currently serving his sentence at the United States Penitentiary in Lewisburg, Pennsylvania.  He has served approximately 122 months of his 985-month sentence, without consideration of any good conduct time earned.  His anticipated release date is May 23, 2082.

On August 28, 2020, defendant filed a motion for compassionate release on the grounds that: (1) the First Step Act modified the practice of "stacking" sentences under 18 U.S.C. § 924(c); (2) he faced a risk of infection due to the COVID-19 pandemic; (3) he had exceptional rehabilitation, as evidence by his lack of disciplinary incidents in the prior seven years; (4) section 403 of the First Step Act applied to his sentence; and (5) his valid home plan, job opportunity, and support from family warranted a decrease in his sentence.  See id. at *2.  The court found that the defendant did not establish extraordinary and compelling reasons that warranted

2

compassionate release and, accordingly, denied his motion.  Id. at *3.

## II

Defendant's motion for compassionate release relies on 18 U.S.C.A. § 3582(c)(1)(A) as recently amended by the First Step Act.  It provides, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1)  in any case—
> (A)   the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i)  extraordinary and compelling reasons warrant such a reduction
> . . .
>
> and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Under the law, a court can order compassionate release for "extraordinary and compelling reasons," but only if the

3

reduction in sentence is "consistent with applicable policy statements issued by the Sentencing Commission." Id.

Congress has also enacted 28 U.S.C. § 994(t), which provides:

> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

Although a district court is not bound by the Sentencing Commission's policy statements in deciding what constitutes an extraordinary and compelling reason, the court may look to them for guidance. United States v. Andrews, 12 F.4th 255, 259-60 (3d Cir. 2021).

Application note 1(A) of section 1B1.13 of the Commission's Sentencing Guidelines explains that "extraordinary and compelling reasons" exist when the defendant is: (1) "suffering from a terminal illness" including, among others, "advanced dementia"; (2) "suffering from a serious physical or medical condition"; (3) "suffering from a serious functional or cognitive impairment"; or (4) "experiencing deteriorating physical or mental health because of the aging process." The latter three grounds also require that the impairment

4

"substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

III

Defendant first argues that he is entitled to compassionate release because § 403 of the First Step Act eliminated the "stacking" of 18 U.S.C. § 924(c)(1)(A)(i) penalties.  Prior to the First Step Act, there was a mandatory penalty increase of 25 years for any "second or subsequent conviction" under the subsection.  A person convicted of two counts of possession, use, or discharge of a firearm during the same violent felony or drug offense, for example, would be sentenced to 25 years for the second conviction.  The First Step Act clarified that the 25-year mandatory penalty would only apply when the previous conviction became final, not for multiple convictions that occurred at the same time.  First Step Act of 2018, PL 115-391, December 21, 2018, 132 Stat 5194.  In support of his argument, defendant cites the Supreme Court's recent holding in Concepcion v. United States "that the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act."  142 S. Ct. 2389, 2404 (2022).

5

The Government maintains that defendant's motion should be denied because the court rejected this argument in its denial of defendant's first compassionate release petition.  See United States v. Skeeters, No. CR 05-530-1, 2020 WL 5602652, at *2 (E.D. Pa. Sept. 18, 2020).  In that denial, the court found that § 403 did not apply "because Congress explicitly stated that § 403 applies only to offenses committed before the date of enactment when the sentence had not yet been imposed." Id.  In addition, the Government notes that our Court of Appeals has subsequently held in United States v. Andrews that the First Step Act's revision of 18 U.S.C. § 924(c) did not, by itself, constitute an extraordinary and compelling reason for sentence reduction.

Furthermore, our Court of Appeals recently stated that the Supreme Court's holding in Concepcion does not abrogate its holding in Andrews and that the change in sentencing would be relevant for subsequent analysis only after a defendant established extraordinary and compelling circumstances. United States v. Bledsoe, No. 22-2022, 2022 WL 3536493, at *2 (3d Cir. Aug. 18, 2022).  The court agrees with the Government that the First Step Act's elimination of the stacking of 18 U.S.C. § 924(c)(1)(A)(i) penalties does not constitute extraordinary and compelling circumstances.  Accordingly, the

court will deny defendant's petition under 18 U.S.C. § 3582(c)(1)(A) on these grounds.

Defendant next argues that he is entitled to compassionate release because his convictions under the Hobbs Act, 18 U.S.C. § 1951(a), do not constitute "crimes of violence" under 18 U.S.C. § 924(c)(3)(A). As explained by the Supreme Court: "The Hobbs Act makes it a federal crime to commit, attempt to commit, or conspire to commit a robbery with an interstate component. 18 U.S.C. § 1951(a). Meanwhile, § 924(c) authorizes further punishments for those who use a firearm in connection with a 'crime of violence.'" United States v. Taylor, 142 S. Ct. 2015, 2019 (2022).

The Government asserts that each of defendant's four 924(c) convictions rested on both conspiracy and a substantive Hobbs Act violation, and the jury convicted of all charges. Our Court of Appeals has held that, in this situation, the count remains valid as long as the substantive robbery charge is a valid predicate crime of violence. United States v. Wilson, 960 F.3d 136, 151 (3d Cir. 2020). The court agrees with the Government that a motion for compassionate release is not the correct basis for defendant's argument that the Hobbs Act robbery conviction is not a valid predicate crime of violence. Claims of sentencing error must be raised in a motion pursuant to 28 U.S.C. § 2255. See, e.g., United States v. Henderson,

858 F. App'x 466, 469 & n.2 (3d Cir. 2021) (citing <u>Okereke v. United States</u>, 307 F.3d 117, 120 (3d Cir. 2002)).  Accordingly, the court will deny defendant's petition under 18 U.S.C. § 3582(c)(1)(A) on these grounds as well.