```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :      CRIMINAL ACTION
                                :
          v.                    :
                                :
STANLEY SKEETERS                :      NO. 05-530-1
```

MEMORANDUM

Bartle, J.                                          March 7, 2024

Stanley Skeeters was sentenced in 2006 to 82 years and one month in prison as a result of a series of armed robberies. He has now served 13 of those years.[1] Before the court is his motion to reduce his sentence for extraordinary and compelling reasons pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).[2] He seeks a sentence of time served. The Government opposes the motion.

Skeeters was charged with one count of conspiracy to interfere with interstate commerce by robbing (18 U.S.C. § 1951(a)); four counts of interference with interstate commerce by robbing and aiding and abetting (18 U.S.C. § 1951 and § 2); and four counts of using a firearm during or in relation to a crime of violence and aiding and abetting (18 U.S.C. § 924(c) and § 2). He and his girlfriend robbed three pizza shops and a grocery store at gunpoint in West Philadelphia. Skeeters hid

---

1. After he was sentenced in this court, he was remanded to state prison to complete back time owed.

2. Defendant has exhausted his administrative remedies. See 18 U.S.C. § 3582(c)(1)(A).

his identity by wearing full female Muslim garb or a head covering and his girlfriend wore full female Muslim garb.  The net take was approximately $2,300.  Skeeters was 28 years old at the time.

His girlfriend pleaded guilty and was sentenced to 120 months.  Skeeters went to trial and was found guilty by a jury on all counts.  His prior criminal record put him in criminal history category IV.  That record included an aggravated assault in which Skeeters had shot a man.  This court sentenced him to one month on each of the conspiracy and robbery counts to run concurrently but consecutively to the sentence on the firearm counts.  As he had brandished a firearm in the commission of the offenses, he received the mandatory minimum sentence of seven years on the first § 924(c) count and the mandatory minimum sentence of 25 years on each of the remaining three § 924(c) counts, all required by law to run consecutively.  18 U.S.C. § 924(c)(1)(D)(ii).  His sentence totaled 82 years and one month.

Generally, the court may not modify a sentence once it is imposed.  18 U.S.C. § 3582(c).  However, under § 3582(c)(1)(A)(i), the court may reduce a term of previously imposed imprisonment if warranted "for extraordinary and compelling reasons."  That authority is circumscribed in several ways.  The court is required to consider the factors under 18

U.S.C. § 3553(a) to the extent applicable.  Any reduction also has to be "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1).  Finally, and perhaps most significantly, at the time Skeeters was sentenced a court could only modify a term of imprisonment upon the motion of the Director of the Bureau of Prisons ("BOP").  Defendants, who obviously have a significant interest in their sentences, could not file their own motions.  As it turns out, the BOP has been quite sparing in seeking such relief.  Such motions have been limited to situations where inmates were seriously ill and elderly.

Skeeters has moved several times previously for a reduction in his sentence.  On each occasion, the court denied his motion.  See United States v. Skeeters, Crim. A. No. 05-530, 2020 WL 5602652 (E.D. Pa. Sept. 18, 2020) (Doc. # 115); id., 2022 WL 16579312 (Nov. 1, 2022) (Doc. # 121).  His pending motion for a reduction in sentence was filed on December 22, 2023.  Since the time of his sentencing and his earlier motions, the sentencing landscape has changed significantly for § 924(c) convictions.

Congress passed and the President signed what is known as the First Step Act, effective December 18, 2018.  Pub. L. No. 115-391, 132 Stat. 5194 (codified as amended in scattered sections of U.S.C.).  It kept in place the seven year mandatory

-3-

minimum sentence for the first § 924(c) offense where defendant brandished a firearm but reduced the length of the mandatory minimum sentences on any such successive § 924(c) counts from 25 years each to seven years each.  18 U.S.C. § 924(c)(1)(A)(ii).  Congress maintained the requirement that these sentences run consecutively.  Skeeters, if sentenced today, would receive consecutive minimum sentences of seven years on each of his four § 924(c) counts to run consecutively for a total of 28 years rather than a term of imprisonment of 82 years.  The First Step Act's amendment to § 924(c), however, applied only to those offenders who had not yet been sentenced.  It was not made retroactive to apply to those such as Skeeters who had already had their sentences imposed.  In Section 403(b) of the First Step Act, Congress stated:

> APPLICABILITY TO PENDING CASES. – This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.

§ 403(b), 132 Stat. at 5221.

In addition, the First Step Act amended 18 U.S.C. § 3582(c)(1)(A) by eliminating the requirement that any motion for reduction in sentence had to be made by the Director of the BOP.  § 603(b)(1), 132 Stat. at 5239.  Congress now permitted defendants themselves to file such motions once they have

exhausted their administrative rights, as Skeeter has done here. 18 U.S.C. § 3582(c)(1)(A).

Congress has empowered the Sentencing Commission to promulgate guidelines "consistent with all pertinent provisions of any Federal statute." See 28 U.S.C. § 994(a). Under § 994(t), Congress delegated broad discretion to the Sentencing Commission to designate extraordinary and compelling reasons for a reduction of sentence referenced in 18 U.S.C. § 3582(c)(1)(A). The Supreme Court has upheld Congress's decision to do so. See Mistretta v. United States, 488 U.S. 361, 371-79 (1989). Section 994(t) reads:

> (t) The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

28 U.S.C. § 994(t).

Pursuant to its mandate, the Sentencing Commission early on promulgated Section 1B1.13 of the Sentencing Guidelines, entitled "Reduction in Term of Imprisonment under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)." In conformity with 18 U.S.C. § 3582(c)(1)(A) as it then existed, it made Section 1B1.13 applicable only upon motion of the Director of the BOP.

-5-

The Sentencing Commission unfortunately was without a quorum for several years after the passage of the First Step Act in 2018 and therefore could not make revisions to Section 1B1.13 or any other guidelines provisions. Now that it has recently been able to conduct business, it has promulgated a number of amendments to the Sentencing Guidelines, including to Section 1B1.13. Those amendments to Section 1B1.13 took effect on November 1, 2023 without any modification or disapproval by Congress. See 28 U.S.C. § 994(p).[3] Section 1B1.13(a) was expanded to apply not only to motions by the Director of the BOP for reduction in sentence but also to such motions filed by defendants. As previously noted, Section 1B1.13(a) cites § 3582(c)(1)(A)(i) for the proposition that the court may reduce a sentence for extraordinary and compelling reasons if warranted after first considering the applicable factors set forth in § 3553(a). Section 1B1.13(b) lists the relevant extraordinary and compelling reasons that may be considered.

---

3. The Supreme Court opinions vary as to the inference that may be drawn from the failure of Congress to modify or disapprove an amendment to the Guidelines. Compare Kimbrough v. United States, 552 U.S. 85, 106 (2007), with DePierre v. United States, 564 U.S. 70, 87 n.13 (2011).

Skeeters primarily relies on the extraordinary and compelling reasons now added in Section 1B1.13(b)(6) of the Sentencing Guidelines. It provides:

> Unusually Long Sentence. – If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S. Sent'g Guidelines Manual § 1B1.13(b)(6) (U.S. Sent'g Comm'n 2023).

Skeeters easily meets certain of the criteria of Section 1B1.13(b)(6). He has served more than the required ten years of his sentence. He argues, and the Government concedes, that Skeeters received an unusually long sentence. His 82 year sentence is so long that it will undoubtedly mean he will die in prison. There is also no dispute that a gross disparity of 54 years exists between his 82 year sentence and a sentence of 28 years, the sentence likely to be imposed if he had been sentenced at the time he filed his pending motion for reduction.

The court now turns to full consideration of the defendant's individualized circumstances under Section

-7-

1B1.13(b)(6), and to the factors under 18 U.S.C. § 3553(a) which to some extent overlap with Section 1B1.13(b)(6).

Under § 3553(a)(1) and Section 1B1.13(b)(6), the court must consider the nature and circumstances of the offenses and the history and characteristics of the defendant.  As the court noted at his sentencing in 2006 and thereafter in considering his earlier motion for sentence reduction, Skeeters, then 28 years old, committed not only serious but violent crimes.  While no one was physically harmed, he instilled great fear in his victims by pointing a firearm at them while he was disguised in female Muslim garb.  His indictment was not his first encounter with the criminal justice system.  He fit into criminal history category IV at the time of his 2006 sentencing.

All of this history occurred over 19 years ago.  Skeeters is now 47 years old.  The court must take into account what has happened thereafter.  Again, there is no dispute that his life in prison contrasts markedly from his prior life.

While in prison, Skeeters obtained his GED and obtained certifications to operate forklifts, to service motor vehicle air conditioning, and to service and repair major household appliances.  He has also become a vocational training tutor.  He has been employed as the orderly in his unit for two years.

He has participated in various reentry programs, drug education courses, and anger management counselling.  He has also been accepted into a self-improvement program.

For the last nine years, Skeeters has had no disciplinary infractions.  A BOP psychologist has described him as "a role model on and off the unit, focusing on pro-social activities and supporting others during periods of duress."

Skeeters has maintained close relationships with his family and would have a place to live with his mother should he be released from custody.  He has friends willing to hire him in their businesses.

Rehabilitation in and of itself is not a sufficient basis for reduction of any sentence.  28 U.S.C. § 994(t).  Nonetheless, rehabilitation may be considered in combination with other circumstances in deciding whether a reduction in sentence is justified.  U.S. Sent'g Guidelines Manual § 1B1.13(d).

Under Section 1B1.13(b)(6) and 18 U.S.C. § 3553(a), the court must also consider the seriousness of the offenses.  As discussed previously, there can be no doubt that they were extremely serious and did great harm to the victims.  Another relevant fact under § 3553(a) is the need for a just punishment.  The court finds that the punishment of 82 years imprisonment was unduly harsh and, although legally mandated in 2006, would not

be just today. The court had no choice because of the then mandatory minimums and the stacking requirement. While a court must always consider specific and general deterrence under § 3553(a), those issues are no longer compelling. It is the court's view that Skeeters is highly unlikely ever again to be enmeshed in the criminal justice system. As for general deterrence, a draconian sentence of 82 years is not needed to send a message to those contemplating similar crimes. Finally, the current sentence is not now necessary to protect the public from further crimes of the defendant.

The Government argues that even if Skeeters meets the criteria under Section 1B1.13(a) and 1B1.13(b)(6), the Sentencing Commission has exceeded its statutory authority in promulgating Section 1B1.13(b)(6). It first relies on our Court of Appeals decision in United States v. Andrews, 12 F. 4th 255 (3d Cir. 2021).

Andrews involved a defendant's motion for a reduced sentence under § 3582(c)(1)(A)(i). Andrews had been sentenced under § 924(c) to 312 years in prison for a series of armed robberies. The motion was filed after the First Step Act had been enacted, which gave a defendant the right to file such a motion. The Sentencing Commission, however, had not yet promulgated Section 1B1.13(b)(6) or otherwise amended Section 1B1.13 to include defendants as proper parties to bring such

motions.  Since Andrews was sentenced in 2006, the First Step Act was not made retroactive to apply to § 924(c) sentences such as his.  The district court denied his motion for reduction in sentence.  The Court of Appeals affirmed on the ground that the district court did not abuse its discretion and committed no clear error of judgment.  Id. at 262.

The district court and the Court of Appeals agreed that Section 1B1.13 meant what it said.  Its provisions for a reduction in sentence were not applicable since the motion was initiated by a defendant and not by the Director of the BOP. Id. at 259.  Nonetheless, our Court of Appeals recognized the district court was not without power to reduce a sentence under § 3582(c)(1)(A)(1) when the defendant made the motion.  In deciding such a motion, the district court may look to Section 1B1.13 as it then existed as a guide as well as to dictionary definitions in construing "extraordinary and compelling reasons."  Id. at 259-60.

The Court of Appeals reasoned that the length of Andrews' sentence alone did not create an extraordinary or compelling circumstance for a reduction of sentence since there is nothing extraordinary when a court imposes a sentence mandated by Congress.  Id. at 260-61.  Nor can the nonretroactive changes made by the First Step Act be a basis to grant a motion under § 3582(c)(1)(A)(i).  Id. at 261.

-11-

>The Court then explained:
>
>>But in holding that the statutorily required sentence or Congress's nonretroactive sentencing reductions are not extraordinary and compelling reasons for purposes of § 3582(c)(1)(A), we are not saying that they are always irrelevant to the sentence-reduction inquiry.  If a prisoner successfully shows extraordinary and compelling circumstances, the current sentencing landscape may be a legitimate consideration for courts at the next step of the analysis when they weigh the § 3553(a) factors.

Id. at 261-62.

For example, factors such as a defendant's relatively young age and strides toward rehabilitation can be considered in support of a finding that extraordinary and compelling reasons exist.  Id. at 262.

Our Court of Appeals set forth the standard of appellate review.  While affirming the district court, it held that a district court has "considerable discretion" in compassionate release cases and will not disturb a court's findings unless the appellate court is "left with a 'definite and firm conviction that [the district court] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.'"  Id. (quoting United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020)).

It must be emphasized that Andrews was decided before the Sentencing Commission added 1B1.13(b)(6) to the Guidelines

and before a defendant was able to rely on the policy statements in Section 1B1.13 in support of a motion for reduction in sentence. Section 1B1.13(b)(6) requires more than an unusually long sentence to establish an extraordinary and compelling reason for a sentence reduction. A defendant must have served at least 10 years of his sentence and there must be a gross disparity between the sentence imposed and the sentence likely to be imposed at the time his motion is filed. Significantly, it also requires consideration of the defendants' individual circumstances.

Andrews, moreover, did not reference and was not called upon to consider 28 U.S.C. § 994(t), which provides the Sentencing Commission with its expansive discretion. See Mistretta, 488 U.S. at 371-79. Congress, as noted, granted the Sentencing Commission the authority under 28 U.S.C. § 994(t) to define the extraordinary and compelling reasons referenced in 18 U.S.C. § 3582(c)(1)(A)(i). Under § 3582(c)(i)(A)(i) any reduction in sentence must be "consistent with the applicable policy statements issued by the Sentencing Commission." Under 28 U.S.C. § 994(t) there is only one red flag. The Sentencing Commission may not make rehabilitation alone an extraordinary and compelling reason for sentence reduction. Congress otherwise has put no limits on the factors that the Sentencing Commission may utilize, alone or in combination.

Section 994(t), of course, does not give the Sentencing Commission carte blanche to adopt unreasonable or absurd policy statements.  Andrews did not have before it any policy statements of the Sentencing Commission to review for unreasonableness or absurdity.  It simply held that 18 U.S.C. § 3582(c)(1)(A)(i) does not allow a long sentence and nonretroactive changes in and of themselves to be deemed extraordinary and compelling reasons for a sentence reduction but does allow them to be considered with other factors.  Section 1B1.13(b)(6) does precisely the latter.  In sum, in this court's view, Section 1B1.13(b)(6) is a reasonable policy statement and does not run afoul of Andrews.

The Government stresses that aside from Andrews, the Sentencing Commission cannot allow a reduction in Skeeters' sentence because Congress in the First Step Act provided that the changes in sentencing for § 924(c) convictions did not apply retroactively to persons such as Skeeters who had previously been sentenced.  Congress only reduced the sentences for § 924(c) offenses where the defendant had not yet been sentenced.  Congress, it is true, treated differently defendants previously sentenced under § 924(c) and rejected blanket reductions in their sentences.  Yet, in enacting this nonretroactive provision, Congress did not indicate any intention that it was amending § 3582(c)(1)(A)(i) to narrow its

scope to preclude consideration of individualized extraordinary and compelling reasons for sentence reductions for defendants like Skeeters.  Nor did it give any indication that it was amending 28 U.S.C. § 994(t) to restrict the Commission's broad authority to define extraordinary and compelling reasons.  Preventing across-the-board matter-of-right retroactive sentencing reductions as Congress did here does not mean that it was prohibiting individualized sentence reductions for extraordinary and compelling reasons.  It is telling that Congress was well aware of but made no mention of 18 U.S.C. § 3582(c)(1)(A)(i) or 28 U.S.C. § 994(t) in relation to the nonretroactive provision of the First Step Act.  United States v. McCoy, 981 F.3d 271, 286-87 (4th Cir. 2020).  If the Government is correct and its position is taken to its logical conclusion, a court could never reduce Skeeters' sentence for any extraordinary and compelling circumstances whether or not set forth in Section 1B1.13.

It is a fundamental canon that all statutory provisions, if possible, must be read to give them effect.  See Roberts v. Sea-Land Servs., Inc., 566 U.S. 93, 100 (2012).  Moreover, repeal by implication is not favored.  See J.E.M. Ag Supply, Inc. v. Pioneer Hi-Bred Int'l, Inc., 534 U.S. 124, 142-44 (2001).  Section 403(b) of the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), 28 U.S.C. § 994(t), and Section 1B1.13(b)(6)

of the Sentencing Guidelines are not in tension with one another and can all work together in harmony.[4]

The court has taken into account Skeeters' individualized circumstances under Section 1B1.13(b)(6) and the relevant factors under 18 U.S.C. § 3553(a) as outlined above. The court has considered that he has served more than 10 years of his sentence, that he was sentenced to 82 years and one month of imprisonment, and that there is a gross disparity between his current sentence and what sentence he would receive today. He has established extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A)(i) and Section 1B1.13(b)(6) and this qualifies for a reduction in his sentence.

The court will grant in part and deny in part Skeeters' pending motion. It will reduce his sentences on Counts 5, 7 and 9 to seven years each, with each to run consecutively to each other, to the seven year sentence on Count 3, and to the one month concurrent sentences on Counts 1, 2, 4, 6 and 8. His total sentence is reduced to 28 years plus one month. This reduced total sentence is sufficient but not greater than necessary. See 18 U.S.C. § 3553(a).

---

4. United States v. Carter, Crim. A. No. 07-374, 2024 WL 136772 (E.D. Pa. Jan. 12, 2024) (Doc. # 417) agreed with the Government that the Sentencing Commission had exceeded its authority in promulgating Section 1B1.13(b)(6). For the reasons stated above, the undersigned concludes that the Government's position is incorrect.

All other conditions of his sentence shall remain the same.[5]

---

5. Defendant also relies on Section 1B1.13(b)(5). It describes a catchall extraordinary and compelling reason for a reduction in sentence. It provides: "OTHER REASONS. – The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." The court does not find any other circumstance not encompassed within Section 1B1.13(a) and 1B1.13(b)(6) that is relevant to Skeeters' pending motion.